IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-12-0240 |
| ANTONIO BROWN | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO SUPPRESS EVIDENCE SEIZED PURSUANT TO SEARCH WARRANT

Defendant Antonio Brown (hereinafter "Mr. Brown"), by and through his undersigned counsel, James Wyda, Federal Public Defender for the District of Maryland and Premal Dharia, Assistant Federal Public Defender, hereby moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress any evidence seized in violation of the Fourth Amendment to the United States Constitution and as grounds states the following:

1. The government has charged Antonio Brown, by indictment, with one count of Possession of a Firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and one count of Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1).

2. Discovery produced by the government indicates that there may have been evidence recovered by law enforcement officers during a search of a residence authorized by a warrant. Counsel has received neither the date of the signing of that warrant, nor the date of the execution of the warrant, but is informed that the warrant was signed by a Judge of the District Court of Maryland for Baltimore City, and that the affidavit was sworn by a Detective Momodu Gondo. The warrant authorized the search of a residence in Gwynn Oak, Maryland, after Mr. Brown's arrest on January 4, 2012.

3.      The Fourth Amendment requires that no search warrant shall issue without probable cause. Probable cause means a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). In evaluating the propriety of the warrant issued, this Court must determine whether there is substantial evidence in the record to support the judge's decision to issue the warrant. Massachusetts v. Upton, 466 U.S. 727, 728 (1984). While this Court should pay "great deference" to findings of probable cause, it does not mean that warrants should be upheld when based on objectively unreasonable grounds for believing the warrant is valid. Gates, 462 U.S. at 236.

4.      The affidavit provided in support of the application for search and seizure warrant failed to establish probable cause to permit the search authorized. As such, the warrant should not have issued.

5.      The "good faith" exception to the exclusionary rule noted in Leon v. United States should not apply in this case for one or more of the following reasons: "1) the Search Warrant was issued in reliance on misleading omissions in the application; 2) the state judge acted as a 'rubber stamp' in approving the search warrant; 3) the application was legally insufficient for a determination of probable cause; [and/or] 4) the application was 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" 468 U.S. 897, 923 (1984) (internal citations omitted). In essence, Leon's "good faith" exception is not applicable because "this is not a case of 'objectively reasonable law enforcement activity.'" United States v. Wilhelm, 80 F.3d 116, 123 (4th Cir. 1996).

6.      Because the investigation of this case is incomplete, Mr. Brown reserves the right to move for suppression of evidence based on grounds not now discernible such as, but not limited to, rights under Franks v. Delaware, 438 U.S. 154 (1978).

7. Any additional searches and seizures, warrantless or otherwise, are also illegal and in violation of the Fourth Amendment.

**WHEREFORE**, the defendant requests that this Court grant an Order of Suppression on the grounds alleged herein, in any supplemental memoranda, and any other grounds that may become apparent upon a hearing on the motion.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

_____/s/_____
PREMAL DHARIA, #98380
Assistant Federal Public Defender
100 South Charles Street
Tower II, Ninth Floor
Baltimore, Maryland  21201
Tel: (410) 962-3962
Fax: (410) 962-0872
Email: premal_dharia@fd.org

## MEMORANDUM OF ADDITIONAL POINTS AND AUTHORITIES

1. <u>Illinois v. Gates</u>, 462 U.S. 213 (1983).

2. Fourth Amendment to the United States Constitution.

3. <u>United States v. Lalor</u>, 996 F.2d 1578, 1582 (4th Cir. 1993).

4. <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963)

                 /s/
                 PREMAL DHARIA, #98380
                 Assistant Federal Public Defender

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District of Maryland, a hearing is requested on the defendant's Motion.

                 /s/
                 PREMAL DHARIA
                 Assistant Federal Public Defender